IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| DHS PROBATIONARY EMPLOYEES 1 CLASS, ROBERT HORTON, LILIA IRIZARRY, JEFFREY SMYLY, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 2026-1315 |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Respondent, | ) ) | |
| DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT, | ) ) ) ) | |
| Respondent. | ) ) | |

## RESPONDENTS' MOTION TO RECAPTION AND INTERVENE

Respondents, the Department of Homeland Security (DHS) and the Director of the Office of Personnel Management (OPM), respectfully request that the Court recaption this matter to designate the Merit Systems Protection Board (MSPB or board) as respondent and to allow DHS and OPM to intervene in this appeal. Counsel for petitioners, Christopher H. Bonk, Esq., has represented that petitioners oppose the motion to recaption the appeal to designate the board as the respondent, but do not oppose OPM intervening in the appeal. Counsel for the board, Katherine Smith, Esq., has represented that the board consents to this motion.

STATEMENT OF FACTS AND COURSE OF PROCEEDINGS

Three petitioners proceeding on behalf of a class of former DHS probationary employees appealed to the board, challenging their terminations. At the board, DHS argued that the board lacked jurisdiction over the petitioners' appeal. OPM intervened in support of DHS's position.

The board dismissed the appeal for lack of jurisdiction. ECF No. 1-2 at 16.[1] The administrative judge noted that the petitioners did not allege that the narrow circumstances authorizing review of probationary terminations are present here. ECF No. 1-2 at 7. The administrative judge further concluded that, although the petitioners alleged that they had been subjected to a reorganization that constituted a de facto reduction in force (RIF), they had not borne their burden of establishing board jurisdiction with respect to this theory. ECF No. 1-2 at 8-15; 5 C.F.R. § 351.901 (establishing board jurisdiction over RIFs). The administrative judge noted that petitioners' theory was that their terminations were undertaken in connection with a "reorganization." 5 C.F.R. § 351.201(a)(2). But, the administrative judge explained, "reorganization" is a term of art in administrative law and petitioners had not demonstrated by preponderant evidence that DHS had undertaken a "reorganization" under the meaning of the regulation. *See id.*; ECF No. 1-2 at 11. Rather than conducting a RIF, the administrative judge held, DHS acted pursuant to

---

[1] Throughout this motion, when citing page numbers, we cite to the automatically generated page numbers across the top of the filing on ECF.

2

its broad authority to terminate probationary employees. *Id.* at 13-15. Accordingly, the administrative judge concluded that the petitioners had not demonstrated by preponderant evidence that the board had jurisdiction over the constructive RIF theory underlying their appeal. Petitioners did not seek review from the board, and the administrative judge's decision became final.

Petitioners now challenge the board's jurisdictional determination before this Court.

## ARGUMENT

This case involves an issue of MSPB jurisdiction: whether petitioners and the class recognized by the AJ were subjected to a RIF that would confer jurisdiction upon the MSPB. The board dismissed the appeal for lack of jurisdiction. Because the board held that the MSPB did not possess jurisdiction to review the appeal, the board did not review whether the terminations complied with the RIF regulations set forth at 5 C.F.R. § 351.201 *et seq.*.

The MSPB is the proper respondent when the petition for review solely addresses the jurisdiction of the MSPB. *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 689 (Fed. Cir. 1992). In such cases, 5 U.S.C. § 7703, the statute governing judicial review of MSPB decisions, provides:

3

> *The Board shall be named respondent* in any proceeding brought pursuant to this subsection, *unless the employee* or applicant for employment *seeks review of a final order or decision on the merits* on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

5 U.S.C. § 7703(a)(2) (emphasis added).

Here, petitioners challenge their termination by DHS. The administrative judge concluded that, because petitioners did not demonstrate that they had been subjected to a RIF, the MSPB lacked jurisdiction over these terminations. ECF No. 1-2 at 9-16; 5 C.F.R. § 351.901. Because the board's decision was based solely upon the MSPB's lack of jurisdiction, the "issue on appeal is solely one of the procedure or jurisdiction of the MSPB[.]" *Spruill*, 978 F.2d 679 at 686. In such cases, the MSPB is the proper respondent. *Id.*

Although the MSPB is the proper respondent, the issues that arise on appeal relate directly to DHS's alleged action. The allegations raised by petitioners concern the conduct of DHS personnel. ECF No. 1-2 at 9. Moreover, the relief that petitioners seek—that is, a finding that the agency failed to comply with the RIF regulations and an order invalidating the termination of a class of more than 300 terminated employees—would have a significant effect upon the agency. We thus respectfully request that the Court permit DHS to remain in the case as intervenor.

OPM should also be allowed to intervene, as it intervened at the board. The petitioners' allegations implicate guidance prepared by OPM. *See* ECF No. 1-2 at 10.

4

Moreover, similar issues have arisen across the Federal Government, including in numerous cases that are in the midst of active litigation at the board, and this case raises a significant issue regarding the interpretation of civil service regulations.

Accordingly, the caption of this appeal should be reformed to name the MSPB as the proper respondent. Further, because issues of significance to DHS and OPM are expected to arise, intervention on the part of DHS and OPM is appropriate.

## CONCLUSION

For the reasons stated above, we respectfully request that this motion be granted, and this case be recaptioned to designate the MSPB as the respondent, and that DHS and OPM be allowed to remain in the appeal as intervenors.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ELIZABETH M. HOSFORD
Assistant Director

/s/ Matthew J. Carhart
MATTHEW J. CARHART
Senior Trial Counsel
Commercial Litigation Branch
Civil Division, U.S. Dept. of Justice
1100 L Street
Washington, D.C. 20005
Tel: (202) 307-0313

February 3, 2026  *Attorneys for Respondents DHS and OPM*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 922 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

                                          */s/ Matthew J. Carhart*
                                          MATTHEW J. CARHART

February 3, 2026