No. 26-1315

# In the United States Court of Appeals
# for the Federal Circuit

DHS PROBATIONARY EMPLOYEES 1 CLASS, ROBERT HORTON, LILIA IRIZARRY, JEFFREY SMYLY,
*Petitioners,*

v.

DEPARTMENT OF HOMELAND SECURITY, DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,
*Respondents.*

On Appeal from the United States Merits Systems Protection Board
Case No. DC-0752-25-1781-I-1

## PETITIONERS' RESPONSE TO MOTION TO RECAPTION AND INTERVENE

CHRISTOPHER HUGH BONK
GILBERT EMPLOYMENT LAW, PC
8403 Colesville Road
Suite 1000
Silver Spring, MD 20910
(301) 608-0880
*cbonk-efile@gelawyer.com*

February 11, 2026                    *Counsel for Petitioners*

## INTRODUCTION

The Department of Homeland Security (DHS) and the Office of Personnel Management (OPM) ask this Court to recaption this case and substitute the Merit Systems Protection Board (MSPB) as the respondent. But the MSPB is not the proper respondent; DHS is. And DHS is already named. This Court, therefore, should deny the motion.

Indeed, this Court's precedent forecloses the respondents' request. This Court has already held that where both the merits of a federal-employment appeal and the MSPB's jurisdiction over it depended on whether an agency's actions were taken as part of a reduction in force, the proper respondent to a petition for review of the MSPB's decision is the employing agency, not the MSPB itself. *Schall v. U.S. Postal Serv.*, 73 F.3d 341, 343 (Fed. Cir. 1996). That's precisely the case here: The petitioners appealed their terminations to the MSPB, alleging that DHS eliminated their positions as part of a reduction in force that did not comply with the regulations for such reductions. The MSPB's jurisdiction hinged on the existence of a reduction in force. But whether DHS conducted a reduction in force is also "the most fundamental merits issue." *Id.* at 343. DHS—not the MSPB—therefore, is the proper respondent to a petition for review of the Board's decision that there was no reduction in force. *See id.* The respondents' request that this Court nevertheless substitute the

MSPB as the respondent conflicts with decades of this Court's precedent. This Court should deny it.

## BACKGROUND

The petitioners here are probationary employees at the Department of Homeland Security whose positions were eliminated as part of a reduction in force (RIF). The employees appealed to the Merit Systems Protection Board, arguing that the RIF did not comply with the relevant legal requirements. ECF 1-2 at 2–3. In response, DHS argued that it had not conducted a RIF in the first place.

"A RIF for the purpose of reorganization is defined as 'the planned elimination, addition, or redistribution of functions or duties in an organization.'" *Huber v. Merit Sys. Prot. Bd.*, 793 F.2d 284, 287 (Fed. Cir. 1986) (quoting 5 C.F.R. § 351.203).

Here, DHS fired over 300 employees in one week. ECF 1-2 at 5. And internal documents make clear that the agency intended to eliminate the employees' positions entirely. For instance, the agency's Chief Human Capital Officer stated internally "that the end result ... will be the abolishment of the positions"; the agency publicly stated that its effort was designed to eliminate "wasteful positions and offices"; and when discussing the layoff internally, the agency circulated "RIF Numbers." *Id.* at 11, 15.

Nevertheless, an administrative judge for the MSPB held that DHS had not, in fact, conducted a RIF. *Id.* at 16. The judge reasoned, essentially, that because the agency had not followed the requirements for conducting a RIF, it must not have

conducted one at all. *Id.* at 9–16. If this conclusion stands, the petitioners would lose their claims on the merits. But the MSPB dismissed the appeal for lack of jurisdiction, because the source of jurisdiction over the petitioners' claims was the Board's jurisdiction over appeals of reductions in force. *Id.* at 9, 16; *see also Huber*, 793 F.2d at 287 (explaining that the MSPB has jurisdiction to consider an appeal from "[a]n employee ... who has been separated by RIF" (citing 5 C.F.R. § 351.901)).

The petitioners timely filed a petition for review of the MSPB's decision. ECF 1. The petition names as respondents the Department of Homeland Security, the agency that employed the petitioners, and the Director of the Office of Personnel Management, who intervened before the Board. *See id.*[1]

## ARGUMENT

**1.** Because this appeal challenges the actions of the Department of Homeland Security, not those of the MSPB, DHS, and not the MSPB, is the proper respondent.

The statute governing MSPB appeals provides that "[t]he Board shall be named respondent ... , unless the employee ... seeks review of a final order or decision on the merits on the underlying personnel action, ... in which case the agency responsible for taking the personnel action shall be the respondent." 5 U.S.C. § 7703(a)(2). As this

---

[1] The Director of OPM may intervene in an MSPB proceeding where "the interpretation or application of any civil service law, rule, or regulation, under the jurisdiction of the Office of Personnel Management is at issue" and the Director is "of the opinion that an erroneous decision would have a substantial impact" on that law, rule, or regulation. 5 U.S.C. § 7701(d).

Court has explained, that means that "[i]f the issue on appeal is *solely* one of the procedure or jurisdiction of the MSPB, then the proper respondent is the MSPB." *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992) (emphasis added). But "if the merits of the agency action are reached by the MSPB, and at the same time a matter of important MSPB procedure or jurisdiction is involved, ... the employing agency is the proper respondent." *Id.* Thus, where "the merits" of a case "turn on the existence of a state of facts"—and "those facts happen also to be the factual predicate for jurisdiction"—the "respondent in such a case is the employing agency, not the MSPB." *Id.* at 689.

That's precisely the case here: The merits of the case turn on whether DHS conducted a RIF. The RIF "happen[s] also to be the factual predicate for jurisdiction," *id.* The proper respondent, then, is DHS, "not the MSPB." *Id.* Indeed, this Court has already held that where both the merits of an appeal and the MSPB's jurisdiction rest on whether the agency acted pursuant to a RIF, the employing agency is the proper respondent. *Schall v. U.S. Postal Serv.*, 73 F.3d 341, 343 (Fed. Cir. 1996). In cases that hinge on "whether the agency actions against the individual appellants were taken pursuant to a RIF," that question is "the most fundamental merits issue." *Id.* And "[w]hen, as here, the board makes a finding on a merits issue en route to an ultimate determination that it is without jurisdiction to hear an appeal, it is the agency whose conduct is at issue[,] and the agency always must be allowed to defend its actions as

the respondent to a petition for review in this court." *Id.* So the agency that allegedly conducted the RIF, the Court held, is the proper respondent, and not the MSPB. *Id.* Under this binding precedent, DHS is the proper respondent here.

The respondents' sole argument to the contrary is that the MSPB dismissed for lack of jurisdiction. But as explained above, this Court has repeatedly held that where the Board's jurisdictional ruling hinges on an issue that also underlies the merits, the employing agency is the proper respondent, not the Board. *See supra* 3-4. The respondents here do not even mention this rule, let alone offer any reason that this Court should—or even may—deviate from it here.

Thus, the proper respondent, DHS, is already named. The appeal, therefore, is properly captioned, and this Court should deny the motion to recaption it. If the MSPB wishes to participate, it may move to intervene or participate as an amicus. *See Spruill*, 978 F.2d at 686 ("In such a case, the MSPB need not be unrepresented since it may request intervenor status, or ... be given status as amicus curiae.").[2]

2. Because DHS and the Director of OPM are already respondents, they need not intervene. And this Court should therefore deny their motion to do so. If, however, this Court grants the motion to recaption, the petitioners have no objection to the Court also granting DHS and OPM leave to intervene. After all, this Court has

---

[2] The petitioners have no objection to the Director of the Office of Personnel Management, which intervened before the Board, also remaining as a respondent before this Court.

held that "the agency whose conduct is at issue and the agency always must be allowed to defend its actions as the respondent to a petition for review in this court." *Schall*, 73 F.3d at 343. If the Court nevertheless holds that DHS is not the proper respondent, it should permit the agency to intervene. And the petitioners do not object to OPM continuing to participate in the litigation as an intervenor as well.

## CONCLUSION

This Court should deny the motion to recaption and intervene. But if the Court grants the motion to recaption, it should also grant intervention.

Respectfully submitted,

*/s/ Christopher Hugh Bonk*
CHRISTOPHER HUGH BONK
GILBERT EMPLOYMENT LAW, PC
8403 Colesville Road
Suite 1000
Silver Spring, MD 20910
(301) 608-0880
*cbonk-efile@gelawyer.com*

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)

I hereby certify that my word processing program, Microsoft Word, counted 1,413 words in the foregoing response. The document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in proportionally spaced typeface in 14-point Baskerville font.

/s/ Christopher Hugh Bonk
CHRISTOPHER HUGH BONK

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Christopher Hugh Bonk
CHRISTOPHER HUGH BONK