

# U.S. MERIT SYSTEMS PROTECTION BOARD

## Office of the Clerk of the Board

**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2026-1315

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of *DHS Probationary Employees 1 Class v. Department of Homeland Security*, MSPB Docket No. DC-0752-25-1781-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

| February 11, 2026 | /s/ |
|---|---|
| Date | Gina K. Grippando |
| | Clerk of the Board |

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Petitioner</u>

Electronic Mail          Christopher H. Bonk
(via mspb@mspb.gov)      cbonk-efile@gelawyer.com

Electronic Mail          Shannon C. Leary
(via mspb@mspb.gov)      sleary-efile@gelawyer.com

Electronic Mail          Kevin L. Owen
(via mspb@mspb.gov)      kowen-efile@gelawyer.com

Electronic Mail          Anisha Queen
(via mspb@mspb.gov)      aqueen@browngold.com

Electronic Mail          Daniel M. Rosenthal
(via mspb@mspb.gov)      dmrosenthal@jamhoff.com

Electronic Mail          Alice C. Hwang
(via mspb@mspb.gov)      achwang@jamhoff.com

Electronic Mail          Charlotte Hannah Schwartz
(via mspb@mspb.gov)      chschwartz@jamhoff.com

Electronic Mail          Emily Postman
(via mspb@mspb.gov)      erpostman@jamhoff.com

Electronic Mail          Sejal Singh
(via mspb@mspb.gov)      ssingh@jamhoff.com

Electronic Mail          Joseph M. Sellers
(via mspb@mspb.gov)      jsellers@cohenmilstein.com

Electronic Mail          Rebecca Ojserkis
(via mspb@mspb.gov)      rojserkis@cohenmilstein.com

Electronic Mail          Brian Corman
(via mspb@mspb.gov)      bcorman@cohenmilstein.com

Electronic Mail          Alisa Tiwari
(via mspb@mspb.gov)      atiwari@cohenmilstein.com


                         Respondent
Electronic Mail          Patricia M. McCarthy, Director
(via mspb@mspb.gov)      Commercial Litigation Branch
                         Civil Division Classification Unit
                         U.S. Department of Justice
                         c/o Joan Turman
                         joan.turman@usdoj.gov


____February 11, 2026____          _____/s/_____
        (Date)                          Dinh Chung
                                        Case Management Specialist

# INDEX

## DHS Probationary Employees 1 Class

## V.

## Department of Homeland Security

## MSPB Docket No. DC-0752-25-1781-I-1

### I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 1 | IA | Appellant - Initial Appeal | 03/21/2025 |
| 2 | IA | MSPB - Acknowledgment Of Request For Class Appeal | 03/24/2025 |
| 3 | IA | Appellant - Appellants Request for Discovery on Class Certification | 03/26/2025 |
| 4 | IA | MSPB - Discovery Order | 03/28/2025 |
| 5 | IA | Agency - Agency Rep Addition | 03/28/2025 |
| 6 | IA | Agency - Agency Rep Addition | 04/01/2025 |
| 7 | IA | Agency - Request for Extension of Time | 04/01/2025 |
| 8 | IA | Agency - Agency Rep Addition | 04/07/2025 |
| 9 | IA | MSPB - Order Granting Extension of Time | 04/07/2025 |
| 10 | IA | Agency - Request for Extension of Time | 04/08/2025 |
| 11 | IA | Agency - Agency Rep Addition | 04/08/2025 |
| 12 | IA | MSPB - Order Denying Extension of Time | 04/11/2025 |
| 13 | IA | Appellant - Appellants Updated Notice of Representation | 04/16/2025 |
| 14 | IA | Intervenor - OPM Statutory Intervention | 04/18/2025 |
| 15 | IA | MSPB - Notice of OPM Statutory Intervention | 04/21/2025 |
| 16 | IA | Appellant - Appellant Supplement on Class Certification | 04/29/2025 |
| 17 | IA | Agency - Agency Motion to Stay Class Certification Briefing and Set Jurisdiction Briefing | 05/02/2025 |
| 18 | IA | MSPB - Order | 05/05/2025 |
| 19 | IA | Agency - Response to 05 05 2025 Order | 05/06/2025 |
| 20 | IA | Agency - Agency Rep Addition | 05/07/2025 |
| 21 | IA | Appellant - Appellants Request for Leave to Reply and Submission on Close of Record on Class Certification | 05/13/2025 |
| 22 | IA | MSPB - Order Certifying Class Appeal | 05/23/2025 |
| 23 | IA | Agency - Joint Motion for Protective Order | 05/28/2025 |
| 24 | IA | Appellant - Appellants Unopposed Request for Status Conference on Revising Briefing Schedule and Discovery | 05/28/2025 |

# INDEX

## DHS Probationary Employees 1 Class

### V.

## Department of Homeland Security

## MSPB Docket No. DC-0752-25-1781-I-1

### I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 25 | IA | MSPB - Status Conference Order | 05/29/2025 |
| 26 | IA | Agency - Agency Rep Addition | 05/29/2025 |
| 27 | IA | MSPB - Order and Summary of Status Conference | 06/02/2025 |
| 28 | IA | MSPB - Order Granting Motion | 06/02/2025 |
| 29 | IA | Appellant - Parties Proposed Class Notice | 06/02/2025 |
| 30 | IA | MSPB - Notice and Order | 06/03/2025 |
| 31 | IA | Appellant - Parties Update on Discovery Status and Request for Scheduling Conference | 06/18/2025 |
| 32 | IA | MSPB - Status Conference Order | 06/20/2025 |
| 33 | IA | Appellant - Motion for Amended Class Definition | 06/20/2025 |
| 34 | IA | MSPB - Order and Summary of Status Conference | 06/23/2025 |
| 35 | IA | Agency - Agency Rep Addition | 07/22/2025 |
| 36 | IA | Agency - Agency Rep Addition | 08/08/2025 |
| 37 | IA | Appellant - Appellants Jurisdiction Briefing | 08/08/2025 |
| 38 | IA | Agency - Statutory Intervenor (OPM) - Motion to Dismiss | 08/08/2025 |
| 39 | IA | Agency - Response to 06 02 2025 Order and Summary of Status Conference | 08/08/2025 |
| 40 | IA | Agency - Agency Submission of Labeled Attachments | 08/09/2025 |
| 41 | IA | Agency - Response to Appellants 08 08 2025 Appellants Jurisdiction Brief | 08/22/2025 |
| 42 | IA | Appellant - Appellants Reply to Agencys Jurisdiction Brief | 08/22/2025 |
| 43 | IA | Agency - Agency Rep Addition | 09/09/2025 |
| 44 | IA | Agency - Withdrawal of Agency Representative | 09/15/2025 |
| 45 | IA | MSPB - Initial Decision | 09/26/2025 |

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WESTERN REGIONAL OFFICE

| | |
|---|---|
| DHS PROBATIONARY EMPLOYEES 1 CLASS,<br>Appellant, | DOCKET NUMBER<br>DC-0752-25-1781-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY,<br>Agency, | DATE: September 26, 2025 |
| and | |
| DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,<br>Intervenor. | |

<u>Christopher Hugh Bonk</u>, Esquire, <u>Shannon C. Leary</u>, Esquire, <u>Kevin L. Owen</u>, Esquire, <u>Anisha Queen</u>, Esquire, Baltimore, Maryland, <u>Daniel M. Rosenthal</u>, Esquire, <u>Alice C. Hwang</u>, Esquire, <u>Charlotte Hannah Schwartz</u>, Esquire, <u>Emily Postman</u>, Esquire, <u>Sejal Singh</u>, Esquire, <u>Joseph M. Sellers</u>, Esquire, <u>Rebecca Ojserkis</u>, Esquire, <u>Brian Corman</u>, Esquire, <u>Alisa Tiwari</u>, Esquire, Washington, D.C., for the appellant.

<u>John T. Koerner</u>, Esquire, Washington, D.C., <u>Tae L. Kim</u>, Esquire, Arlington, Virginia, <u>Karen Barefield</u>, Esquire, Washington, D.C., <u>Arnulfo Urias</u>, Esquire, Los Angeles, California, <u>Michelle Perry</u>, Esquire, Washington, D.C., <u>Margaret Slowen</u>, Esquire, <u>Linda M Aragon</u>, Esquire, <u>James Reed</u>, Esquire, Essex Junction, Vermont, for the agency.

### BEFORE
Sara K. Snyder
Chief Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On March 5, 2025, appellant timely filed this appeal on behalf of a putative class of probationary or trial period employees the agency separated between

February 14 and March 1, 2025, without using the reduction-in-force ("RIF") procedures of 5 C.F.R. part 351. Initial Appeal File (IAF), Tab 1. I granted the appellant's request for class certification on May 23, 2025, and amended the class definition at the request of the parties on June 23, 2025. IAF, Tabs 22, 34. The parties dispute the Board's jurisdiction. *See, e.g.*, IAF, Tab 27. The parties engaged in jurisdictional discovery and submitted evidence and argument on the issue of jurisdiction. IAF, Tab 34. The appellant did not request a hearing and the record on jurisdiction closed on August 22, 2025. IAF, Tabs 27, 34.

For the reasons discussed below, the appeal is DISMISSED for lack of jurisdiction.

## ANALYSIS AND FINDINGS

Burdens of Proof on Jurisdiction

The Board's jurisdiction is limited to matters specified by statute or regulation. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc). The Board does not have jurisdiction over all matters that are alleged to be unfair or incorrect. *See Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, 332-33 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The appellant bears the burden of proving by preponderant evidence that the matter they are appealing is within the Board's authority to review. *Garcia*, 437 F.3d 1322, 1344; 5 C.F.R. § 1201.56(b)(2)(1)(A).

If the Board's jurisdiction is in dispute, as it is here, there is a two-step process wherein an appellant must first make a nonfrivolous allegation that the Board has jurisdiction over an appeal; if they do so, the appellant is entitled to a hearing on the jurisdictional question. *Garcia,* 437 F.3d at 1344; *Wilke v. Department of Homeland Security*, 104 M.S.P.R. 662, ¶ 10 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id*.; *see also* 5 C.F.R. § 1201.4(s) (defining "nonfrivolous allegation"). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than

conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

When analyzing nonfrivolous allegations in the context of evaluating jurisdiction, the Board may consider the agency's unrebutted documentary evidence but may not weigh and resolve conflicting evidence. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 11 (2008); *Ferndon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). The Federal Circuit has held that the Board cannot consider an agency's interpretation of the evidence as if the Board were deciding a summary judgment motion; rather, the Board must evaluate the appellant's allegations on their face, which is akin to deciding a motion to dismiss. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020) (deciding individual right of action appeal under whistleblower protection laws); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (internal citation omitted).

If the appellant carries that burden, they are entitled to a hearing at which they bear the burden of proving the Board's jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A). Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Id*. at § 1201.4(q). Here, the appellant waived the right to a hearing on jurisdiction. IAF, Tab 27. As such, this decision is based on the written record as a whole and resolves the ultimate question of whether the appellant has proved the Board's jurisdiction by preponderant evidence.

Background

The background facts are undisputed unless specifically noted. On January 20, 2025, Inauguration Day, the incoming president issued a memorandum

imposing a hiring freeze on the Federal Government.[1] The memorandum exempted military personnel, positions related to immigration enforcement, national security and public safety, and authorized the U.S. Office of Personnel Management (OPM) to make further exemptions. *Id.* The stated purpose of the freeze was to "reduce the size of the Federal Government's workforce through efficiency improvements and attrition." *Id.* That same day, OPM issued a Memorandum to all heads and acting heads of departments and agencies entitled "Guidance on Probationary Periods, Administrative Leave and Details." IAF, Tab 40 at 8-10. The memorandum explained that employees serving probationary and trial period appointments could be removed without triggering a Merit Systems Protection Board (MSPB) appeal. *Id.* OPM directed that no later than "January 24, 2025, agencies should identify all employees on probationary periods" and send a list of those employees to OPM. *Id.* The memorandum further directed agencies to determine whether those employees should be retained. *Id.*

The agency, through its various subagencies, complied. The Cybersecurity & Infrastructure Security Agency (CISA) submitted a list of employees, initially recommending that 42 of its total 392 probationary employees be terminated. IAF, Tab 40 at 30. Other Department of Homeland Security (DHS) components initially recommended terminating 225 of its nearly 16,000 probationary and trial period employees. IAF, Tab 40 at 38-40. On February 12, 2025, OPM emailed agency leadership directing them to partner with their Chief Human Capital Officers (CHCO) to separate the probationary and trial period employees identified for separation by the following day, February 13, 2025. IAF, Tab 40 at 35-37. The email provided a template termination letter. *Id.* The guidance stated that "high-performing employees in mission critical areas" have been exempted from separation, instructing by implication that all others, regardless of performance evaluations or other feedback, should be separated. *Id.*

---

[1] https://www.whitehouse.gov/presidential-actions/2025/01/hiring-freeze/. On February 11, 2025, the incoming President issued Executive Order No. 14210 "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative," *reprinted in* 90 Fed. Reg 9669 (Feb. 14, 2025). Agency heads were directed to promptly begin steps to conduct large scale RIFs.

On February 14, 2025, the agency's CHCO directed the agency managers to begin terminating the employees on its list, using the provided template. IAF, Tab 40 at 41-62. Between February 14 and February 20, 2025, the agency terminated over 300 individuals serving a probationary or trial period. IAF, Tab 40 at 14, 42-62. The template termination notice provided the individuals with notice of their right to appeal their separations to the MSPB pursuant to 5 C.F.R. § 315.806. IAF, Tab 40 at 43-44.

On March 21, 2025, class counsel filed appeals on behalf of three individuals who were serving a probationary or trial period with two of the agency's subcomponents, the Federal Emergency Management Agency (FEMA) and CISA, seeking certification of a class of all the probationary and trial period employees the agency terminated beginning in February 2025. IAF, Tab 1. OPM intervened on April 21, 2025. IAF, Tab 15. On May 23, 2025, after the parties agreed to class certification for the purposes of determining jurisdiction, I certified the appeal to proceed as a class, defined as follows:

> [A]ny agency employees serving in a probationary or trial period who were issued termination notices between February 14-20, 2025, pursuant to the February 14, 2025 instructions from DHS leadership.
>
> The class does *not* include any individual who was terminated at or around the same time based on specific, individual performance or conduct deficiencies.
>
> The class also does *not* include any individual who received a substantively identical termination notice but meets the 5 U.S.C. § 7511 definition of employee and is therefore entitled to appeal separately the merits of their termination to the Board.
>
> The class definition is amended to consist of any agency employees serving in a probationary or trial period who were issued termination notices between February 14 and March 1, 2025, pursuant to the February 14. 2025 instructions from DHS leadership.

IAF, Tabs 22, 34. The appellant notified all of the potential class members. IAF, Tabs 29-30. The Board identified numerous individual appeals filed by class members, notified those individual appellants of their right to opt out of the class, and dismissed the individual appeals of those who did not opt out as subsumed in

the class. IAF, Tabs 18, 27; *See, e.g. Jantz v. Department of Homeland Security*, MSPB Docket No. SF-315H-25-0401-I-1, Initial Decision (Jul. 1, 2025).

The parties engaged in discovery and timely submitted evidence and argument in support of their positions on jurisdiction on August 8, 2025. IAF, Tabs 34, 38-39. OPM filed a Motion to Dismiss on August 8, 2025. IAF, Tab 38. The agency and the appellant filed rebuttal submissions on August 22, 2025, and the record on jurisdiction closed on that date. IAF, Tabs 34, 41-42.

The Appellant Class Members Are Not Employees as Defined by 5 U.S.C. § 7511

Subject to some exceptions, the Board generally does not have jurisdiction to review the termination of individuals serving a probationary or trial period that are not "employees" as defined by 5 U.S.C. § 7511. *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8; *see also* 5 C.F.R. §§ 11.4(a), 210.101(b), 1201.3(a) (3).[2] The appellants do not assert that the Board has jurisdiction based on the limited regulatory appeal rights in 5 C.F.R. §§ 315.805-.806, and I have excluded from the class any individual who can nonfrivolously allege they are an "employee" with Board appeal rights as defined in 5 U.S.C. § 7511. IAF, Tabs 22-34.

Law Applicable to RIF Appeals

The appellants assert that the Board has jurisdiction over the agency's actions as a de facto or constructive RIF. IAF, Tab 37 at 5, Tab 39 at 20. A RIF is an administrative procedure by which agencies eliminate jobs and reassign or separate employees who occupied the abolished positions. *See Tippins v. United*

---

[2] On April 24, 2025, the President issued an Executive Order (EO) titled "Strengthening Probationary Periods in the Federal Service," promulgating part 11 of Title 5, Code of Federal Regulations (Probationary and Trial Periods (Rule XI)), https://www.ecfr.gov/current/title-5/part-11. By its terms, the EO superseded subpart H of part 315 of Title 5, Code of Federal Regulations (Probation on Initial Appointment to a Competitive Position), rendering it inoperative and without effect for actions taken on or after April 24, 2025. Subpart H, specifically 5 C.F.R. § 315.806, included limited appeal rights for the competitive service based on claims of marital status and partisan political discrimination, as well as the procedural protections applicable when a termination was based on pre-employment reasons. This EO does not apply to the terminations challenged here, which occurred prior to April 24, 2025, but I note it because the applicable regulations have been eliminated.

*States*, 93 F.4th 1370, 1375 (Fed. Cir. 2024) (citations omitted). A RIF is not an adverse action against a particular employee but is directed solely at a position within an agency. *James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002) (citing *Huber v. Merit Systems Protection Board,* 793 F.2d 284, 286 (Fed. Cir. 1986)).

The Board's jurisdiction over RIF appeals is regulatory. *Kohfield v. Department of the Navy*, 75 M.S.P.R. 1, 4 (1997). The Board has RIF jurisdiction when an employee was furloughed for more than 30 days, separated, or demoted by a RIF action as defined in OPM's regulations. 5 C.F.R. § 351.901; *see Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶ 9 (2004).

OPM's regulations require the agency to follow the RIF regulations when it releases a "competing employee from his or her competitive level when the release is required because of lack of work; shortage of funds; insufficient personnel ceiling; reorganization; the exercise of reemployment rights or restoration rights; or reclassification of an employee's position due to erosion of duties when such action will take effect after an agency has formally announced a [RIF] in the employee's competitive area and when the [RIF] will take effect within 180 days." 5 C.F.R. § 351.201(a)(2). The regulations make clear that the only persons who are subjected to a RIF action because of a reorganization are those who are released from their competitive level by separation, demotion, or by certain furloughs or reassignments requiring displacement. *Krizman v. Merit Systems Protection Board*, 77 F.3d 434, 438 (Fed. Cir. 1996) (citing 5 C.F.R. § 351.201(a)(2)); *see Grier v. Department of Health and Human Services*, 750 F.2d 944, 945-46 (Fed. Cir. 1984) ("RIFs are not aimed at removing particular individuals; rather, they are directed solely at positions. After the agency has decided to eliminate positions as a matter of its independent managerial discretion, the identification of affected employees is governed by OPM regulations"); *Huber,* 793 F.2d at 286; *Perlman v. Department of the Army*, 23 M.S.P.R. 125, 126 (1984) (Board had jurisdiction under RIF regulations where agency separated term employee after reclassifying position employee occupied).

*See also Tippins*, 93 F.4th at 1375 (discussing the definition of a RIF in the context of 14 U.S.C. § 357).

The Board has jurisdiction over appeals filed by probationary, term, and trial period employees who are separated by RIF. *See Bielomaz v. Department of the Navy*, 86 M.S.P.R. 276, ¶ 11 (2000). Agencies may not circumvent RIF regulations in effecting the types of organizational change covered by the regulations. *See Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 324 (1994). The label the agency ascribes to its action is not dispositive. *Holmes v. Department of the Army*, 41 M.S.P.R. 612, 615 (1989) (holding agency's restructuring impacting a single position sufficient for agency to invoke RIF regulations); *see also Baker v. Department of Homeland Security*, 99 M.S.P.R. 92, ¶ 7 (2005) (where the agency's action was not "directed solely at a position within [the] agency," the removal was not a RIF action).

Analysis

The appellant alleges that the agency terminated the class members as part of a government-wide reorganization, as directed by OPM and in accordance with executive orders to reduce the size of the Federal workforce, to include "undertak[ing] preparations to initiate large-scale reductions in force (RIFs)." IAF, Tab 37 at 9-11. The appellant points to the repeated references to identifying probationary employees in "mission-critical" roles for exemption, as well as testimony from the agency's CHCO, for the proposition that the agency selected class members for termination based on the "mission critical" nature of the positions they occupied rather than individual performance and conduct. *Id.* The appellant also appears to argue that an individualized assessment of the performance and conduct is required by regulation to terminate a probationary employee. *Id.* at 14-17. The appellant points to record evidence that a Deputy CHCO, in an email with the subject "RIF Numbers," requested agency staff to provide updated counts of probationary terminations and exemptions. *Id.* at 26. In another email exchange, a different Deputy CHCO posited that the "billet" occupied by the separated class member "ultimately goes away." *Id.* at 94. The

appellant argues that the agency's action targeted positions for elimination, rather than employees, which means this was a RIF, the Board has jurisdiction and the class members are entitled to relief because the agency did not comply with the RIF regulations. IAF, Tab 37.

Turning to the first part of the argument, the appellant does not allege that the actions were taken for lack of work, shortage of funds, insufficient personnel ceiling or the exercise of reemployment rights or restoration rights. IAF, Tab 37 at 8-9, 103-104. There is no dispute that the agency did not submit a RIF plan or announce a RIF prior to terminating the class members. IAF, Tab 40 at 67-73. Instead, the appellant alleges that the termination of the class members was due to an agency reorganization, which requires it to comply with 5 C.F.R. part 351.

As discussed above, the January 20, 2025, "Hiring Freeze" memorandum directed OPM to issue guidance to agencies to develop a plan to "reduce the size of the Federal Government's workforce through efficiency improvements and attrition."[3] That same day, OPM directed agencies to identify individual employees, who, based on the type of appointment, could be removed without triggering MSPB appeal rights, and to determine if they should be retained or not. IAF, Tab 40 at 8. OPM's memorandum characterized the probationary period as a tool to "manage staffing levels." *Id.*

On February 11, 2025, the President issued another executive order establishing the Department of Government Efficiency, again with the stated intention of shrinking the Federal workforce.[4] On February 12, 2025, at a meeting with the CHCO Council, OPM clarified that agencies were to terminate probationary employees who did not perform "mission critical" functions at the agency by no later than February 13, 2025, a date that was later extended to February 17, 2025. IAF, Tab 40 at 35, 41. The appellant alleges that this context

---

[3] https://www.whitehouse.gov/presidential-actions/2025/01/hiring-freeze/.

[4] The quoted phrase comes from a Fact Sheet about the February 11, 2025, Executive Order. https://www.whitehouse.gov/fact-sheets/2025/02/fact-sheet-president-donald-j-trump-works-to-remake-americas-federal-workforce/. *See* Exec. Order No. 14210 (Feb. 11, 2025), *reprinted in* 90 Fed. Reg. 9669 (Feb. 14, 2025).

brings the agency's termination of its probationers under the umbrella of the overall reorganization discussed in executive orders and OPM memoranda.

"Shrink[ing] the size of the federal workforce," is a broad objective compared to the specific reasons for conducting a RIF as specified in 5 C.F.R. § 351.201(a)(2). Rather, a "reorganization" is specifically defined in statute and regulation. 5 C.F.R. § 351.203. A reorganization requires a *plan,* submitted to Congress prior to any action that will involve "abolishing all or part of the functions of an agency, consolidating or coordinating part of an agency or its functions with another part of the same agency, authorizing an officer to delegate any functions, or abolishing an agency or an agency component." *See* IAF, Tab 41 at 7 (citing 5 U.S.C. § 903). The agency's implementing statute requires Congressional approval for any reorganization. IAF, Tab 41 at 8. *See* 6 U.S.C. § 452. While the agency was ordered to submit a reorganization plan in compliance with later executive orders, it had taken none of these steps at the time it took the actions at issue here. IAF, Tab 41 at 7-8, 64-73. To be a reorganization justifying a RIF, the agency must change its organizational structure in such a way as to impact positions. *See Holmes,* 41 M.S.P.R. at 616. Simply contemplating a reorganization does not mean that a reorganization occurred. *See Shillinger v. Department of Labor,* 47 M.S.P.R. 145, 150 (1990).

The appellant submits that the agency internally referred to the class member terminations as a RIF, in that a Deputy CHRO used the term "RIF Numbers" in the subject line of an email thread about the probationary terminations. IAF, Tab 37 at 19, 26. The agency's human resources staff discussed the probationary terminations in the same email thread as voluntary early retirements (VERA), the deferred resignation program (DRP), and its elimination of its diversity, equity and inclusion (DEI) staff through a RIF. IAF, Tab 40 at 65-66. Finally, the agency's press secretary released a statement that the agency was in the process of sweeping cuts and reform which included the probationary terminations and "other wasteful positions and offices." IAF, Tab 37 at 13. The agency's CHCO testified at deposition that its human resources

staff were simply mistaken in referring to the probationary terminations as RIF numbers. IAF, Tab 40 at 27. The agency said that its press secretary's statement was "little more than puffery designed to create excitement." Tab 41 at 13. At deposition, the agency's CHCO testified that the probationary separations were part of its RIF avoidance measures, which also included the hiring freeze, the DRP, and the VERAs. IAF, Tab 40 at 16-18.

As discussed above, the Board has held that an agency's use of the term "RIF" is not dispositive. *See Holmes,* 41 M.S.P.R. at 616. RIFs after a reorganization unequivocally require a planned change to the organization that eliminates positions, not just its current occupant. *See Tippins*, 93 F.4th at 1370. The Board's statement in *Holmes* referred to the agency's attempt to use the RIF regulations as a pretext for removing the appellant; the Board was not evaluating whether the agency was required to apply the RIF regulations, only whether it was permitted to do so based on its characterization of its action as a RIF. *Id. Holmes* accepted the agency's assertion that it was reorganizing because it proved it made organizational changes that increased the duties and grade of the position the appellant had held, displacing him from it. 41 M.S.P.R. at 616.

The Board did find that the RIF procedures were mandatory in *Robinson*; however, the agency was admittedly restructuring. *Robinson*, 63 M.S.P.R. 307. In *Robinson*, the agency first consolidated work groups and then reassigned the appellants from redundant management positions with saved pay or grade, attempting to avoid the RIF procedures, which the Board found unlawful. *Id.* In *Losure*[5] and *Huber*, the Board and the Federal Circuit rejected the agency's attempt to characterize its actions in eliminating and replacing the appellants' positions as a RIF because there was *not* a planned change to the agency's structure. *See* 2 MSPB 361, 364; 793 F.2d 284, 286. In both cases, the agency's assertion that it acted pursuant to the RIF regulations was rejected because the employees proved they were selected for separation because of reasons personal to them – Losure's affiliation with disgraced managers and the *Huber* petitioner's

---

[5] *Losure v. Interstate Commerce Commission*, 2 MSPB 361.

Schedule A appointments. *Id.* In both cases, the agency made no significant changes to the duties or responsibilities of the positions the impacted employees held and replaced them after the sham reorganization was complete. *Id.* Finally, I note that while the situation in *Tippins* arose through the operation of a process that is only applicable to uniformed service members, the Federal Circuit found that the agency's actions in terminating retirement eligible military personnel in order to fill behind those employees with younger employees was not a "RIF," distinguishing the situation from a "reorganization" that would trigger a RIF under 5 CFR part 351 because the agency's actions started by targeting the characteristics of individual employees, specifically, the fact of their retirement eligibility. *Id.*

Read together, the binding precedent holds that a RIF occurs when an agency first eliminates jobs and then reassigns or separates the employees who held those jobs, not the other way around. *See Tippins*, 93 F.4th at 1375. Here, the agency action started with the character of the class member's appointment – probationary or trial period – exempting them only if the position they held was also "mission critical." The nature of the appointment they held is an individual characteristic of the employee, not the position they held. *See e.g. Tippins*, 93 F. 4th 1370; *Huber*, 793 F.2d 284.

The appellant argues that the agency's indiscriminate terminations of the class members, irrespective of their individual performance and conduct, means that the agency must be targeting positions, making this a RIF. IAF, Tab 37 at 13-17. This "one or the other" argument is not persuasive. Even when it removes or separates a tenured federal employee, a Federal agency has considerable discretion to choose among available authorities for its actions. *See, e.g. Lovshin v. Department of the Navy*, 767 F.2d 826, 840-43 (1985) (en banc) (holding that CSRA [Civil Service Reform Act] does not limit agency discretion to address unacceptable performance using removal procedures of chapter 43 or chapter 75). The agency argues that its ability to separate probationers is far broader than its

authority under chapters 43 or 75, and broader than the appellant suggests.[6] IAF, Tab 39 at 12-20, Tab 41 at 5-8. The agency's position is in line with precedent finding that it has the authority and discretion under § 315.803(a) to exercise the "right to summary termination" of probationers for any reason related to fitness or qualification not otherwise prohibited by law. *U.S. Department of Justice, I.N.S. v. Federal Labor Relations Authority*, 709 F.2d 724, 728 (D.C. Cir. 1983). The Federal Circuit described the "protections provided to probationary employees" as "very narrow[.]" *Lewis v. Fed. Bureau of Prisons*, 93 F.4th 1381, 1385 (Fed. Cir. 2024) (quoting *Shaw v. United States*, 622 F.2d 520, 527 (Ct. Cl. 1980)). As reflected in OPM's published guidance and its messages to the CHCO Council, the agency and OPM take the position that it has authority to separate probationary employees for reasons other than performance and conduct, supporting that argument with the legislative history of the CSRA, the act itself, and an overall review of the regulations related to probationary employment. IAF, Tab 38 at 6-8, Tab 39 at 15-16. Specifically, 5 C.F.R. § 315.803(a) refers to the "fitness" of the employee and that agencies "shall terminate" any employee that fails to demonstrate their qualifications for continued employment during the probationary period. *Id.* The agency argues that the concept of "fitness" is broad enough to include terminating probationary employees to manage staffing. *Id.* The agency's arguments are consistent with the lack of Board review for such terminations. Similarly, the prior version of the Federal Personnel Manual[7] and

---

[6] Even if the appellant is correct that probationary employees may only be terminated for performance or conduct, the Board does not have the authority to reach the merits of a probationary termination, and I make no findings about the stated reasons for the terminations at issue here. 5 U.S.C. §§ 4303(e)-(f), 7511(a), 7512, 7413(d). Some employees may appeal a probationary termination to the Board for illegal motivation, such as through the prior version of 5 C.F.R. § 315.806, the Whistleblower Protection Act (WPEA), and the Uniformed Service Employment and Reemployment Rights Act (USERRA). *See* 5 U.S.C. §§ 2302(a)(2)(A). In such cases, the agency's rationale for the termination is relevant but not determinative. *See, e.g., Reese v. Department of the Navy*, 2025 MSPB 1, ¶¶ 61-64. The class appellant has stipulated that none of these exceptions apply to the class member terminations.

[7] Federal Personnel Manual, chapter 351, at § 1-3 (1988).

OPM's Workforce Reshaping Handbook[8] both refer to separating employees without appeal rights as a typical RIF avoidance measure. That is how the agency's CHCO characterized the actions at issue here. IAF, Tab 40 at 17.

Finally, the appellant alleges that the end result of the agency's effort will be the abolishment of the positions held by the class members. IAF, Tab 37 at 17-19. The appellant points to emails from the Deputy CHCO stating as much. IAF, Tab 37 at 18, 94. The agency cannot fill behind the terminated employees because of the hiring freeze. *Id.* As both parties note, the *sine qua non* of a RIF is abolishing positions. Releasing employees because the position they hold is abolished *is* covered by 5 C.F.R. § 351.201(a)(2).

As I have already discussed, even if I accepted the appellant's allegations as true, separating over 300 employees who held probationary appointments does not reflect the sort of reasoned plan for changing the structure of the agency subcomponents from which the class members were terminated. There is little evidence that the agency had abolished or planned to abolish the specific positions the class members held before the agency terminated the class members. The agency maintains that it has not. IAF, Tab 40 at 20. The appellant points to a comment by the agency's Deputy Chief Human Capital Officer (DHCO) who opined that "the billet ultimately goes away" in response to a question about what would happen to the positions occupied by a probationary employee they terminate as evidence that the positions were abolished. IAF, Tab 37 at 15, 60-63. At deposition, the agency's CHCO explained that the comment was only related to employees who took the DRP, not the probationers. IAF, Tab 40 at 20-21. The CHCO further explained that there was no direct impact to the agency's budget or number of positions when it separated the probationers, although it gave the agency more flexibility to move resources in the future, if necessary. *Id.* at 20-21. However, even if the DHCO was correct, and the positions may eventually be repurposed or abolished, this would not support the appellant's argument. The

---

[8] U.S. Office of Pers. Mgmt., *Workforce Reshaping Handbook*, chapter 1, p. 9 (Mar. 2017), https://www.opm.gov/policy-data-oversight/workforce-restructuring/reductions-in-force-rif/workforce_reshaping.pdf.

RIF process is triggered when an agency needs to do something with the employee that held an abolished position, not the other way around. *Tippins*, 93 F.4th at 1375.

<u>Conclusion</u>

This appeal presents a question of law, and there are no material disputes of fact. Whether or not the appellant made nonfrivolous allegations and would have been entitled to a hearing would have been a closer call, but as the hearing was waived, I conclude that the appellant has not proved by preponderant evidence that when the agency terminated over 300 probationary or trial period employees, who had no right to appeal the merits of the action to the Board, with the goal of shrinking its workforce, that it conducted a RIF and was required to comply with the procedures of 5 C.F.R. part 351. The employees were identified and terminated because of the nature of their appointments, not to abolish the positions they held. An eventual agency planned reorganization or restructuring is not relevant to the appellant's current appeal rights. Therefore, the appeal is DISMISSED for lack of jurisdiction.

**DECISION**

The appeal is DISMISSED.

*Sara K Snyder*

FOR THE BOARD: _____
                            Sara K. Snyder
                            Chief Administrative Judge

**NOTICE TO PARTIES CONCERNING SETTLEMENT**

The date that this initial decision becomes final, which is set forth below, is the last day that the parties may file a settlement agreement, but the administrative judge may vacate the initial decision in order to accept such an agreement into the record after that date. *See* 5 C.F.R. § 1201.112(a)(4).

## NOTICE TO APPELLANT

This initial decision will become final on **October 31, 2025**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.  The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic

filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

## Criteria for Granting a Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is limited to 15 pages or 3750 words. A party relying on word count to adhere to the

length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE OF LACK OF QUORUM

While administrative judges may continue to issue initial decisions like this one, the Board must have two or more members (known as a quorum) to issue decisions on petitions for review (PFR). *See* 5 U.S.C. § 1201; 5 C.F.R. § 1200.3(a), (e). Currently, the Board only has one member, so it is unable to issue any final Board decisions on PFRs. This means that while parties may still file PFRs on initial decisions during this time, no decisions on them will be issued until at least two members are in place, thereby restoring the Board's quorum. Importantly, the absence of a quorum does not extend any deadlines for filing a PFR. Anyone filing a PFR must still meet the deadline outlined above.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review. Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully

follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general.</u>** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations

Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service     DHS Probationary Employees 1 Class
Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service     Christopher Bonk
Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service     Brian Corman
Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service     Alice Hwang
Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service     Shannon Leary
Served on email address registered with MSPB

Electronic Service

Electronic Service

Electronic Service

Electronic Service

Electronic Service

Electronic Service

Electronic Service

Appellant Representative

Rebecca Ojserkis
Served on email address registered with MSPB

Appellant Representative

Kevin Owen
Served on email address registered with MSPB

Appellant Representative

Emily Postman
Served on email address registered with MSPB

Appellant Representative

Anisha Queen
Served on email address registered with MSPB

Appellant Representative

Daniel Rosenthal
Served on email address registered with MSPB

Appellant Representative

Charlotte Schwartz
Served on email address registered with MSPB

Appellant Representative

Joseph Sellers
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Sejal Singh
Served on email address registered with MSPB


Appellant Representative

Electronic Service    Alisa Tiwari
Served on email address registered with MSPB


Agency Representative

Electronic Service    Linda Aragon
Served on email address registered with MSPB


Agency Representative

Electronic Service    Karen Barefield
Served on email address registered with MSPB


Agency Representative

Electronic Service    Tae Kim
Served on email address registered with MSPB


Agency Representative

Electronic Service    John Koerner
Served on email address registered with MSPB


Agency Representative

Electronic Service    Michelle Perry
Served on email address registered with MSPB

Agency Representative

Electronic Service    James Reed
Served on email address registered with MSPB


Agency Representative

Electronic Service    Margaret Slowen
Served on email address registered with MSPB


Agency Representative

Electronic Service    Arnulfo Urias
Served on email address registered with MSPB


Statutory Intervenor

Electronic Service    Patrick Ehler
Served on email address registered with MSPB


Statutory Intervenor

Electronic Service    Eyana Esters
Served on email address registered with MSPB


Secondary Appellant

U.S. Mail    Robert Horton
1540 Brentwood Drive
Eagle Point, Oregon 97524


Secondary Appellant

U.S. Mail    Lilia Irizarry-Felix
5429 8th Rd. S
Arlington, Virginia 22204

<u>Secondary Appellant</u>

Electronic Service     Jeffrey Smyly

Served on email address registered with MSPB

_____
09/26/2025
(Date)

*Pamela Paragas*
_____
Pamela Paragas
Paralegal Specialist