IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| DHS PROBATIONARY EMPLOYEES 1 CLASS, ROBERT HORTON, LILIA IRIZARRY, JEFFREY SMYLY, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 2026-1315 |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Respondent, | ) ) | |
| DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT, | ) ) ) ) ) | |
| Respondent. | ) | |

## RESPONDENTS' REPLY IN SUPPORT OF MOTION TO RECAPTION AND INTERVENE

Respondents, the Department of Homeland Security (DHS) and the Director of the Office of Personnel Management (OPM), respectfully submit this reply in further support of our request that the Court recaption this matter to designate the Merit Systems Protection Board (MSPB or board) as respondent and to allow DHS and OPM to intervene in this appeal.

In our motion, we demonstrated that the board is the proper respondent here. As our motion noted, the board concluded that it lacked jurisdiction over

petitioners' appeal because they were terminated pursuant to DHS's authority to terminate probationary employees, rather than the authority provided by the reduction-in-force (RIF) regulations. Mot. 2-3. Because this decision implicated the board's limited jurisdiction over probationary employees' appeals, this determination was solely jurisdictional under *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 689 (Fed. Cir. 1992). Accordingly, we explained, the board should be the respondent here, and DHS and OPM should be permitted to intervene.

Relying upon *Schall v. U.S. Postal Service*, 73 F.3d 341 (Fed. Cir. 1996), petitioners oppose recaptioning. Resp. 5-6.[1] In *Schall*, the board had concluded that petitioners—who were not probationary employees—were terminated pursuant to a RIF undertaken by the agency. 73 F.3d at 343. Further, because they were employed by the Postal Service, they could not appeal from the RIF unless they were preference eligible employees, which they were not. *Id.* Had the termination of these employees been adverse actions, the Court explained in *Schall*, the employees might have been able to appeal the actions, but the conclusion that the terminations had been undertaken pursuant to a RIF foreclosed such a claim. *See id. Schall* recognized that, when the board effectively foreclosed an adverse-action appeal by concluding that the employees' termination had resulted from a RIF, the board

---

[1] Petitioners further indicated that, if the Court recaptions the appeal to name the board as the respondent, petitioners do not object to either DHS or OPM intervening. Resp. 6-7.

2

addressed a merits issue and thus the agency is the proper respondent. *See id.* But *Schall* did not create a bright-line rule that whenever the board inquires into whether there was a RIF, the decision must be captioned with the agency as the respondent. Indeed, even after *Schall*, the Court has made the MSPB the respondent when the board rejected a petitioner's assertion that he was subjected to a RIF. *See Wadhwa v. Merit Systems Protection Bd.*, 296 Fed. App'x 17, 19 (Fed. Cir. 2008) (nonprecedential).

This case does not involve the interplay between RIFs and adverse actions implicated by *Schall*; instead, this case involves the board's jurisdiction over probationary employees. This distinction is critical because it means that here, unlike in *Schall*, DHS could permissibly rely upon its authority to terminate probationary employees. And, pursuant to regulation, the board's jurisdiction over appeals brought by probationary employees is extremely limited. Mot. 2 (citing ECF No. 1-2 at 7). In concluding that DHS permissibly relied upon its authority to remove probationary employees, the board was making a determination that was solely jurisdictional. *See Spruill*, 978 F.2d at 689. Thus, this is like the long line of cases in which the Court has captioned appeals with the MSPB as the respondent when the board dismissed appeals brought by probationary employees on jurisdictional grounds. *See, e.g., Yomi v. MSPB,* 2023-2086, 2023 WL 8494728 (Fed. Cir. Dec. 8, 2023) (nonprecedential); *Wang v. MSPB*, 2024-1215, 2024 WL 2890056 (Fed. Cir. June 10, 2024) (nonprecedential); *Rzayev v. MSPB*, 2024-2257, 2025 WL 763102 (Fed. Cir. March 11, 2025) (nonprecedential); *Bryant v. MSPB*, 2024-2310, 2025 WL

3

3295016 (Fed. Cir. Nov. 26, 2025) (nonprecedential). This case, like those, raises the question of whether the board had jurisdiction over appeals brought by probationary employees, which is a quintessential question of board jurisdiction.

Finally, we respectfully inform the Court that counsel for the board, Katherine Smith, Esq., has indicated that, in the event that the Court does not recaption the appeal to identify the MSPB as the respondent, the board is considering whether to file a motion seeking leave to intervene; and that, if the board chooses to file such a motion, it intends to do so within seven days of the Court's ruling on our motion.

## CONCLUSION

For the reasons stated above and those stated in our motion, we respectfully request that this motion be granted, and this case be recaptioned to designate the MSPB as the respondent, and that DHS and OPM be permitted to remain in the appeal as intervenors.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ELIZABETH M. HOSFORD
Assistant Director

/s/ Matthew J. Carhart
MATTHEW J. CARHART
Senior Trial Counsel
Commercial Litigation Branch
Civil Division, U.S. Dept. of Justice
1100 L Street
Washington, D.C. 20005
Tel: (202) 307-0313

February 18, 2026　　　　*Attorneys for Respondents DHS and OPM*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 760 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Matthew J. Carhart*
MATTHEW J. CARHART

February 18, 2026