NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DHS PROBATIONARY EMPLOYEES 1 CLASS, ROBERT HORTON, LILIA IRIZARRY, JEFFREY SMYLY,**
*Petitioners*

**v.**

**DEPARTMENT OF HOMELAND SECURITY, DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,**
*Respondents*

---

2026-1315

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-25-1781-I-1.

---

**ON MOTION**

---

Before REYNA, *Circuit Judge.*

**O R D E R**

The Department of Homeland Security and the Director of the Office of Personnel Management (collectively, "Respondents") move to revise the caption to identify the Merit Systems Protection Board as the respondent and to

intervene. Respondents state that the Board does not oppose. Petitioners oppose revising the caption but do not oppose intervention.

"The Board shall be named respondent in any proceeding [before this court], unless the employee . . . seeks review of a final order or decision on the merits on the underlying personnel action[.]" 5 U.S.C. § 7703(a)(2). When both the merits of an agency action and a matter of Board jurisdiction or procedure are at issue, the employing agency is the proper respondent. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992).

The court cannot say respondents have shown the Board should be substituted as the respondent in this case. The administrative judge only dismissed after concluding that appellants failed to establish by a preponderance of the evidence that the agency conducted a reduction-in-force without complying with proper procedures. Under similar circumstances, we have said the agency is the proper respondent, *see Schall v. U.S. Postal Serv.*, 73 F.3d 341, 342–43 (Fed. Cir. 1996), and see no reason to reach a different outcome here.

Accordingly,

IT IS ORDERED THAT:

The motion is denied without prejudice to the Board seeking leave to intervene.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 11, 2026
Date