Nos. 26-1315, 26-1793

# In the United States Court of Appeals for the Federal Circuit

DHS PROBATIONARY EMPLOYEES 1 CLASS, ROBERT HORTON, LILIA IRIZARRY, JEFFREY SMYLY,
*Petitioners,*

v.

DEPARTMENT OF HOMELAND SECURITY, DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,
*Respondents.*

On Appeal from the U.S. Merit Systems Protection Board
Case No. DC-0752-25-1781-I-1

No. 26-1315

INTERIOR PROBATIONARY EMPLOYEES CLASS, ALLISON KEATING, MATTHEW MCANULTY, SAMUEL PETERSON
*Petitioners,*

v.

DEPARTMENT OF THE INTERIOR,
*Respondent,*

OFFICE OF PERSONNEL MANAGEMENT,
*INTERVENOR.*

On Appeal from the U.S. Merit Systems Protection Board
Case No. DC-0752-25-1550-I-1

No. 26-1793

## UNOPPOSED MOTION TO CONSOLIDATE APPEALS

1

Pursuant to Federal Rule of Appellate Procedure 3(b)(2) and Circuit Rule 12, the petitioners respectfully request that this Court (1) consolidate the pending appeals in *DHS Probationary Employees 1 Class v. Department of Homeland Security*, No. 26-1315 and *Interior Probationary Employees Class v. Department of the Interior*, No. 26-1793 pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure, and (2) issue an updated briefing schedule. The respondents do not oppose consolidation.

**1.** Consolidation will serve judicial efficiency. Both appeals arise from the termination of probationary employees in February of 2025, following a memorandum issued by the Office of Personnel Management on probationary employees and an Executive Order directing agencies to "to initiate large-scale reductions in force." *DHS Probationary Employees*, Case No. 26-1315, ECF # 1-2, at 9; *Interior Probationary Employees*, Case No. 26-1793, ECF # 1-2. The petitioners in the *DHS* appeal are a class of probationary employees terminated from the Department of Homeland Security, and the petitioners in the *Interior* appeal are a class of probationary employees terminated from the Department of the Interior.

Both classes appealed their terminations to the Merit Systems Protection Board, arguing that the Board had jurisdiction because their terminations were part of a de facto reduction in force. The same administrative judge heard both appeals. And in both cases, she decided that the Board lacked jurisdiction for the same reason: Even if probationary employees are removed and their positions eliminated as part of an effort

2

to reduce and restructure the workforce, that does not constitute a reduction in force if their positions were selected for elimination because they were filled by probationary employees. Both appeals challenge this conclusion.

Because both appeals raise the same, core legal issues, it is in the interest of judicial economy to consolidate the appeals for purposes of briefing and oral argument.

**2.** The petitioners have conferred with the Government about a proposed briefing schedule. If the Court consolidates the appeals, the parties respectfully request that the Court issue the following briefing schedule:

- Deadline for petitioners' principal brief: July 7, 2026.

- Deadline for appellees' principal brief: September 25, 2026.

- Deadline for petitioners' reply: November 3, 2026.

For the foregoing reasons, this Court should consolidate the appeals and adjust the briefing schedule.

Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal
Alice C. Hwang
Charlotte H. Schwartz
Emily R. Postman
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
Tel: (202) 496-0500
Fax: (202) 496-0555
dmrosenthal@jamhoff.com

achwang@jamhoff.com
chschwartz@jamhoff.com
erpostman@jamhoff.com

Dated: May 15, 2026                    *Attorney for Petitioners*

## CERTIFICATE OF INTEREST

As required by Federal Circuit Rule 47.4, I certify the following:

1. The full names of all parties represented by me are: Robert Horton, Lilia Irizarry, Jeffrey Smyly, Allison Keating, Matthew McAnulty, Samuel Peterson, DHS Probationary Employees 1 Class, and Interior Probationary Employees Class

2. The names of the real parties in interest are not different from the parties named above.

3. There are no parent corporations or publicly held companies that own 10% or more of the stock of any party represented by me.

4. The names of all law firms and the partners and associates that appeared for the petitioners in the MSPB or are expected to appear in this Court are:

GARY M. GILBERT
CHRISTOPHER H. BONK
SHANNON CLARE LEARY
KEVIN L. OWEN
**GILBERT EMPLOYMENT LAW, PC**

JOSEPH SELLERS
REBECCA OJERKIS
BRIAN C. CORMAN
ALISA TIWARI
**COHEN MILSTEIN SELLERS & TOLL, PLLC**

JENNIFER BENNETT
**GUPTA WESSLER LLP**

DANIEL M. ROSENTHAL
ALICE C. HWANG
CHARLOTTE H. SCHWARTZ
EMILY R. POSTMAN
SEJAL SINGH
**JAMES & HOFFMAN, PC**

ANISHA QUEEN
EVE L. HILL
**BROWN GOLDSTEIN & LEVY LLP**

5. Petitioners know of no pending matters in this court that will directly affect or be directly affected by this Court's decision in this appeal.

Dated: May 15, 2026

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal

6

## CERTIFICATE OF COMPLIANCE WITH RULE (27)(d)(2)

I hereby certify that my word processing program, Microsoft Word, counted 373 words in the foregoing motion. The motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in proportionally spaced typeface in 14-point Baskerville font.

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal